**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| SIDDIQ A. ALEEM-X, a/k/a Terrance Watson, | : : |
| Plaintiff, | : Civil Action No. 10-038 (RBK-KW) : |
| v. | : **OPINION** : |
| SHANE WHITE, et al., | : : |
| Defendants. | : |

**APPEARANCES:**

    Plaintiff pro se
    Siddiq A. Aleem-x
    Plummer Community Correction Center
    Wilmington, Delaware 19805

**KUGLER**, District Judge

    Plaintiff Siddiq A. Aleem-X ("Plaintiff"), an inmate at the Plummer Community Correction Center ("PCCC"), Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1]  Plaintiff was given leave to amend Count 5 of the Complaint. (D.I. 10.)  He has since filed two Motions to Compel, construed as Motions to Amend. (D.I. 12, 14.)  At this time, the Court must review the amended Count 5 and the proposed amendments to determine whether they should be dismissed as frivolous or malicious, for failure to

---

[1] The PCCC is a multi-faceted facility that manages and supervises offenders who participate in traditional work release. http://doc.delaware.gov/BOCC/BOCC_CCC_plummer.shtml.

state a claim upon which relief may be granted, or because they seek monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and amendments and are accepted as true for purposes of this review.

Upon screening of the original Complaint, the Court dismissed as frivolous Counts 1, 2, 3, 4, 7, and 8 and allowed Plaintiff to proceed with Count 6 against Defendant Carmen Harmon.  Plaintiff was given leave to amend Count 5.

Count 5 of the original Complaint, raised against Defendants Shane White ("White"), Elizabeth Hopkins ("Hopkins"), and Tommy Steel ("Steel"), alleged that during a Multi-Disciplinary Team ("MDT") hearing, for the first time, Plaintiff was advised of additional charges and not allowed to call witnesses or present documentary evidence.  White and Hopkins are counselors at PCCC and Steel is a Sergeant.  It appears they were members of the MDT.  Plaintiff was found guilty, but the Complaint did not indicate if he was disciplined or sanctioned and, therefore, he was given leave to amend.  Amended Count 5 contains the same general allegations, adds Harmon to the claim, and alleges that Plaintiff was punished and sent to the Sussex Violation of

Probation Unit ("SVOP") "losing everything he had worked so hard to accomplish." (D.I. 11.)

Plaintiff proposes to add the following claims: He was issued a program violation by Hopkins who failed to give him twenty-four hours notice to prepare for the hearing, sat in judgment on the hearing board, and found him guilty of the charges. (D.I. 12.) On June 15, 2010, Harmon found Plaintiff guilty of a charge, and had him transferred to the SVOP in retaliation for Plaintiff's naming her as a defendant in this lawsuit. (D.I. 14, ¶ 1.) Hopkins also retaliated against Plaintiff, after he had filed a grievance against her on June 8, 2010, when she later issued him a write-up and then found him guilty. (Id. at ¶ 2.) Finally, Plaintiff alleges denial of access to the courts because his legal work was confiscated by Defendants. (Id. at ¶ 3.)

## II.  STANDARDS FOR SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must

3

accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before

4

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions.  See Ashcroft v. Iqbal, -U.S.-, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."  Id. at 1949.

When determining whether dismissal is appropriate, the Court conducts a two-part analysis.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  First, the factual and legal elements of a claim are separated.  Id.  The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Id. at 210-11.  Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief."[2]  Id. at 211.  In other words, the Complaint must do more

---

[2] A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  Iqbal,129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  The plausibility

than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts.  Id.  "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949  (quoting Fed. R. Civ. P. 8(a)(2)).

### III.   STANDARD FOR AMENDMENT

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'"  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)).  The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities."  Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic.  See Dover Steel Co., Inc. v. Hartford Accident and Indem., 151 F.R.D. 570, 574 (E.D. Pa. 1993).  Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the

---

standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id.

6

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); See also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990).

### IV. 42 U.S.C. § 1983

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

### V. ANALYSIS

A. Count 5

Amended Count 5 raises a due process claim. Plaintiff alleges that during an MDT hearing, for the first time, he was advised of additional charges and was not allowed to call

7

witnesses or present documentary evidence.  Plaintiff was found guilty and sent to the SVOP.[3]

It is axiomatic that to be entitled to procedural due process protections as set forth in Wolff v. McDonnell, a prisoner must be deprived of a liberty interest.  Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974).  "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed."  Sandin v. Conner, 515 U.S. 472  (1995).  Prison disciplinary segregation will implicate a protectable liberty interest only if it dramatically departs, in length of time or otherwise, from basic prison conditions.  See, e.g., Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002) (seven months in disciplinary segregation is insufficient to trigger a due process violation); Griffin v. Vaughn, 112 F.3d 703, 706-08 (3d Cir. 1997) (fifteen months in administrative custody is insufficient to trigger a due process violation).  In deciding whether a protected liberty interest exists under Sandin, a federal court must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions.  Mitchell v.

---

[3]The SVOP is not a prison, but consists of transition units or programs and houses offenders who are preparing to return to the community full-time.  http://doc.delaware.gov/BOCC/BOCC_CCC_sussex.shtml.

8

Horn, 318 F.3d 523, 532 (3d Cir. 2003) (citing Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000)).

Here, Plaintiff was punished by being transferred to the SVOP. His sanction is not the type that implicates a liberty interest as set forth in Sandin v. Conner, 515 U.S. 472 (1995). Amended Count 5 is frivolous, and the Court will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

    B.  Proposed Amendments

Given Plaintiff's pro se status, the Court will grant his Motions to Amend. (D.I. 12, 14.) Plaintiff will be allowed to proceed with the newly added retaliation claims against Harmon and Hopkins found at D.I. 14, paragraphs 1 and 2. (D.I. 14.) Plaintiff is placed on notice that the Court will not consider future motions to amend until the remaining Defendants have been served.

        1.  Due Process

Plaintiff alleges that he was issued a program violation by Hopkins who failed to give him twenty-four hours notice to prepare for the hearing and who sat in judgment on the hearing board. She found Plaintiff guilty of the charges. (D.I. 12.) The issuance of a program violation and a finding of guilt are not constitutional violations. In addition, the allegations do not indicate how, or if, Plaintiff was punished. Despite this Court's previous Order explaining the law with regard to due

9

process violations, Plaintiff failed to adequately allege a due process claim.

The newly added due process claim has no arguable basis in law or in fact. It is frivolous, and the Court will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### 2. Access to the Courts

Plaintiff alleges denial of access to the courts because his legal work was confiscated by Defendants. (Id. at ¶ 3.) Prisoners must be allowed "adequate, effective and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. Lewis v. Casey, 518 U.S. 343, 351 (1996); Christopher v. Harbury, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). An actual injury is shown only where a nonfrivolous, arguable claim is lost. Christopher, 536 U.S. at 415.

The amendment does not allege that Plaintiff has suffered an actual injury from his alleged denial of access to the courts.

10

The claim is frivolous, and the Court will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## VI.   CONCLUSION

For the reasons set forth above, Plaintiff's Motions to Amend are granted.  (D.I. 12, 14.)  Plaintiff may proceed against against Harmon on Count 6 of the Complaint and against Harmon and Hopkins on the retaliation claims contained in the Amended Complaint at Docket Item 14, paragraphs 1 and 2.  All remaining Defendants and remaining claims must be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

An appropriate Order follows.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: July 29, 2010