NOT FOR PUBLICATION (Doc. No. 28)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SIDDIQ A. ALEEM-X,
a/k/a Terrance Watson,

        Plaintiff,

v.

ELIZABETH HOPKINS, et al.,

        Defendants.

Civil No. 10-038 (RBK/KW)

**OPINION**

**KUGLER**, United States District Judge:

This cases arises from alleged violations of Plaintiff's constitutional rights. Plaintiff, a former inmate within the Delaware Department of Correction ("DOC"), asserts unconstitutional retaliation.[1] Defendants Elizabeth Hopkins ("Hopkins") and Carmen Harmon ("Harmon") move to dismiss all claims against them. For the reasons discussed below, the Court grants the motion and dismisses all remaining claims against Defendants, but gives Plaintiff leave to amend. In addition, the Court orders Plaintiff to show cause why this action should not be dismissed for his failure to prosecute.

**I.    BACKGROUND**[2]

The Court screened the original Complaint and amendments and allowed Plaintiff to proceed with retaliation claims against Harmon and Hopkins. (Doc. No. 2, Count 6; Doc. No. 14,

---

[1] Plaintiff was released from the DOC in early 2011.

[2] The facts are taken from the Complaint and its amendments. (Doc. Nos. 2, 14, 17).

¶¶ 1, 2; Doc. No. 17). On December 4, 2009, Plaintiff was scheduled to work at Kohl's, one of two part-time jobs he held. When he presented at the duty office his schedule was missing from the scheduling book. Harmon, who is responsible for the scheduling book, told him that there was no schedule. According to Plaintiff earlier in the week there was a schedule in the book that allowed him to go to work. On the same day, Harmon lied to Plaintiff's supervisor and indicated that Plaintiff was not scheduled to work, but the supervisor informed Harmon that Plaintiff was scheduled. Plaintiff states that Harmon's actions were in retaliation for his grieving misconduct, unprofessionalism, and incompetence of the prison staff. (Doc. No. 2, Count 6).

Plaintiff submitted a grievance against Hopkins on June 8, 2010 for violating his right to due process and equal protection. Hopkins heard "her own write-up" against Plaintiff and found him guilty. On June 11, 2010, Hopkins wrote-up Plaintiff for "time unallowable." (Doc. No. 14, ¶ 2). Plaintiff was transferred to the Sussex Violation of Probation Center ("S.V.O.P.") following a finding of guilt on the write-up by Harmon on June 15, 2010. According to Plaintiff, Harmon should have disqualified herself due to a conflict. (Doc. No. 14, ¶ 1).

Finally, Harmon and Hopkins retaliated against Plaintiff because of grievances submitted "on both defendants." He was punished with manipulation of authority when he was held at the S.V.O.P. (Doc. No. 17).

Defendants move to dismiss the Complaint and its amendments on the grounds that the retaliation allegations fail to state a claim upon which relief may be granted, they have qualified immunity, and Plaintiff fails to allege Defendants' actions did not advance legitimate penological

goals. Defendants' motion was filed on March 31, 2011. Plaintiff did not respond to the motion, and it is ripe for review.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In addition to the allegations in the complaint, a court may consider matters of public record, documents specifically referenced in or attached to the complaint, and documents integral to the allegations raised in the complaint. Mele v. Federal Reserve Bank of N.Y., 359 F.3d 251, 255 n.5 (3d Cir. 2004).

In determining whether a complaint states a plausible claim for relief, a court must conduct a two-part analysis. Ashcroft v. Iqbal, – U.S.– , 129 S.Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11. First, the court must separate factual allegations from legal conclusions. Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at

1950. Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." Id. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. See id.

## III. DISCUSSION

### A. Retaliation

Plaintiff alleges that he was retaliated against by Defendants for submitting grievances and filing the instant lawsuit. Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990). Prison officials may be held liable for retaliatory conduct that was motivated "in substantial part by a desire to punish [the prisoner] for exercise of a constitutional right," Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000) (quoting Thaddeus-X v. Blatter, 175 F.3d 378, 386 (6th Cir. 1999) (en banc)), such as filing lawsuits and grievances related to the conditions of incarceration. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

To state a claim for retaliation, Plaintiff must show that: (1) he engaged in constitutionally protected conduct; (2) an adverse action was taken by prison officials "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;'" and (3) there was a causal relationship between the two. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quoting Allah, 229 F.3d at 225). "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by

4

proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334.

In each instance of alleged retaliation Plaintiff engaged in protected conducted when he either submitted prison grievances or filed the instant lawsuit. The retaliation claims at Docket Items 2 and 17 do not, however, indicate when the protected conducted occurred. In reading the allegations, it is impossible for the Court to discern if the protected conduct occurred before, or after, the alleged retaliation. In addition, it is not clear that the conduct complained of is related to Plaintiff's constitutionally protected activity. The allegations found in Docket Items 2 and 17 fail to state retaliation claims and, therefore, they are dismissed.

In the additional retaliation claims found at Docket Item 14, although there is an inference, Plaintiff does not specifically state that Hopkins and Harmon retaliated against him for submitting grievances. Nor do the facts point to a causal connection between the submission of grievances and Plaintiff's transfer to the S.V.O.P. Because the allegations in Docket Item 14 fail to state retaliation claims, they are dismissed.[3]

**B. Show Cause**

More than three months having passed since the Plaintiff took any action in this case when, on May 17, 2011, he filed a Motion for Leave to Proceed in forma pauperis after his release from prison. (Doc. No. 30). Defendants' Motion to Dismiss, filed on March 31, 2011, was served upon Plaintiff twice; first when it was filed on March 31, 2011 and, a second time, on May 26, 2011, following Plaintiff's release from prison. Notably, Plaintiff did not file a response to the

---

[3]The court will not address Defendants' others grounds for dismissal.

5

Motion. Therefore Plaintiff shall show cause why this case should not be dismissed for failure to prosecute, pursuant to D. Del. LR 41.1.

## IV. CONCLUSION

For the reasons discussed above, the Court grants Defendants' Motion to Dismiss and dismisses the retaliation claims against Defendants. Since it appears plausible that Plaintiff might be able to articulate retaliation claims against Defendants, he is given one final opportunity to amend the retaliation claims. In addition, Plaintiff shall show cause why this case should not be dismissed for failure to prosecute. An appropriate Order shall enter.

Dated:   September 28, 2011

                                            s/Robert B. Kugler
                                            ROBERT B. KUGLER
                                            United States District Judge